IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THERESA PRYOR                                                                                        PLAINTIFF

      v.                             Civil No.

BETTE STAMPS, Court Clerk;
CORPORAL ROY KNOTTS;
OFFICER BLAKE WILLIAMSON;
SERGEANT JOHN DOE; KRISTY
BURTON, Parole Officer;                                                                          DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Theresa Pryor, an inmate of the Arkansas Department of Correction (ADC), McPherson Unit, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint and *in forma pauperis* (IFP) application are before me for preservice screening pursuant to the terms of the Prison Litigation Reform Act.

**1. Background**

The complaint and materials attached to it are voluminous,[1] difficult to read, and do not appear to be in any particular order. On the complaint form provided to prisoners, Plaintiff has listed the following five individuals as Defendants: Bette Stamps; Corporal Roy Knott; Officer Blake Williamson; Sergeant John Doe; and Krisy Burton. However, under Kristy Burton's name, Plaintiff has written "see 42 U.S.C. § 1983 Eastern District form." It is not clear what form she is referring to. Some of the attachments appear to be from a habeas corpus case she filed in the Eastern District of Arkansas, Pryor-Kendrick v. Hobbs, 5:12-cv-00006. Her motion

---

[1] The complaint and attachments are approximately 2 ¾ inches in depth. A ream of paper (500) pages is only 2 inches in depth.

-1-

for appointment of counsel is also done on an Eastern District of Arkansas form. Other documents indicate they were filed in the Washington County Circuit Court.

According to the allegations of the complaint, on July 13, 2012, Plaintiff sent three manilla envelopes for filing to the Washington County District Court. On July 16, 2012, Bette Stamps returned the envelopes to Plaintiff with a letter stating the materials were not "in proper form to be filed."

Plaintiff states the lawsuit includes five separate claims against the Benton County Department of Correction (DOC), the Washington County DOC, the Fayetteville Police Department, the Washington County jailers, the Salvation Army, and PCE mini storage. Plaintiff maintains each of these Defendants stole something from the Plaintiff from July 14, 2009, to July 12, 2012.

**2. Discussion**

As part of the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte*, or upon a motion of a party, if:

> the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has withstood constitutional challenge. See e.g., Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001).

This provision is known as the three strikes provision. The provision applies to Plaintiff. She has more than three previous actions that qualify as strikes against her under section 1915(g). See e.g., Pryor v. Denton, Civil No. 09-5131 (dismissed as frivolous

AO72A
(Rev. 8/82)

08/21/2009); Pryor-Kendrick v. Clinger, Civil No. 06-5197 (dismissed as frivolous on 12/14/2006); Pryor-Kendrick v. Gunn, Civil No. 06-5196 (dismissed as frivolous on 12/08/2006); Pryor-Kendrick v. Keith, Civil No. 06-5195 (dismissed as frivolous on 12/14/2006); Pryor-Kendrick v. Newton, Civil No. 05-5177 (dismissed as frivolous on 12/02/2005). She has also had cases dismissed by virtue of the three strikes provision. Kendrick v. Ardnt, Civil No. 08-5242 (dismissed by pursuant to § 1915(g) and because it was frivolous 05/01/2009); Pryor-Kendrick v. Deen, Civil No. 1:10-cv-00002 (E.D. AR. dismissed by virtue of § 1915(g) on 04/13/2010).

The three strikes provision does not apply if the prisoner is currently in imminent danger of serious physical injury. McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002)(delayed dental treatment accompanied by a spreading infection was sufficient to meet the imminent-danger exception); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[2] In this case, there is no allegation that Plaintiff is currently under imminent danger of serious physical injury. Therefore, Plaintiff is not eligible for IFP status.

### 3. Conclusion

Accordingly, I recommend that the IFP application be denied pursuant to section 1915(g) and this case be dismissed. Plaintiff should be advised that she may file an action to reopen the case on payment of the $350 filing fee.

---

2. In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 30th day of July 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE