IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THERESA PRYOR                                                                                          PLAINTIFF

        v.                               Civil No. 12-5166

BETTE STAMPS, Court Clerk;
CORPORAL ROY KNOTTS;
OFFICER BLAKE WILLIAMSON;
SERGEANT JOHN DOE; and KRISTY
BURTON, Parole Officer                                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Theresa Pryor, an inmate of the Arkansas Department of Correction (ADC), McPherson Unit. The case was dismissed (Doc. 10) by virtue of the application of the "three strikes" provision of the Prison Litigation Reform Act (PLRA). Plaintiff now seeks leave to appeal *in forma pauperis* (IFP)(Doc. 12) on appeal.

**Discussion**

As part of the PLRA, the Court is required to deny a prisoner's IFP application *sua sponte* or upon a motion of a party, if:

> the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has withstood constitutional challenge. See e.g., Higgins v. Carpenter, 258 F.3d 797 (8th Cir. 2001).

This provision is known as the three strikes provision. The provision applies to Plaintiff. She has more than three previous actions that qualify as strikes against her under section 1915(g). See e.g., Pryor v. Denton, Civil No. 09-5131 (dismissed as frivolous 08/21/2009); Pryor-Kendrick v. Clinger, Civil No. 06-5197 (dismissed as frivolous on 12/14/2006); Pryor-Kendrick v. Gunn,

-1-

Civil No. 06-5196 (dismissed as frivolous on 12/08/2006); <u>Pryor-Kendrick v. Keith</u>, Civil No. 06-5195 (dismissed as frivolous on 12/14/2006); <u>Pryor-Kendrick v. Newton</u>, Civil No. 05-5177 (dismissed as frivolous on 12/02/2005). She has also had cases dismissed by virtue of the three strikes provision. <u>Kendrick v. Ardnt</u>, Civil No. 08-5242 (dismissed by pursuant to § 1915(g) and because it was frivolous 05/01/2009); <u>Pryor-Kendrick v. Deen</u>, Civil No. 1:10-cv-00002 (E.D. AR. dismissed by virtue of § 1915(g) on 04/13/2010).

The three strikes provision does not apply if the prisoner is currently in imminent danger of serious physical injury. <u>McAlphin v. Toney</u>, 281 F.3d 709, 710-11 (8th Cir. 2002)(delayed dental treatment accompanied by a spreading infection was sufficient to meet the imminent-danger exception); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). In this case, there is no allegation that Plaintiff is currently under imminent danger of serious physical injury. Therefore, Plaintiff is not eligible for IFP status.

### Conclusion

Accordingly, I recommend that the IFP application (Doc. 12) be denied pursuant to section 1915(g). Plaintiff should be directed to pay the $455 appellate filing fee. Plaintiff may, of course, file a motion to proceed IFP with the Court of Appeals for the Eighth Circuit.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 7th day of February 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE